UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:         -CIV-

YORDANY MONTEAGUDO, EDUARDO TOLEDO,
NORBERTO ROMERO, KHELIA MONTILLA,
ROGER FERREIRO, INGRID PIRELA, and
LUIS FARIAS
    Plaintiffs,

v.

JBI HOME INSPECTIONS, INC.
a Florida Corporation, and JOHN INGRAM
an individual

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiffs, YORDANY MONTEAGUDO (hereafter referred to as "Monteagudo"), EDUARDO TOLEDO (hereafter referred to as "Toledo"), NORBERTO ROMERO (hereafter referred to as "Romero"), KHELIA MONTILLA (hereafter referred to as "Montilla"), ROGER FERREIRO (hereafter referred to as "Ferreiro"), INGRID PIRELA (hereafter referred to as "Pirela"), and LUIS FARIAS (hereafter referred to as "Farias") (collectively referred to as "Plaintiffs") by and through his undersigned counsel, and hereby sues Defendants, JBI HOME INSPECTIONS, INC. a Florida Corporation, (hereafter referred to as "JBI"), and JOHN INGRAM, an individual (hereafter referred to as "Ingram") (collectively referred to as "Defendants") and as ground alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29. U.S.C. §201 *et. seq.*("FLSA").

## PARTIES

2. Plaintiff, Monteagudo, is an adult, male resident of the United States who presently resides in Miami, Miami-Dade County, Florida.

3. Plaintiff, Toledo, is an adult, male resident of the United States who presently resides in Jacksonville, Duval County, Florida.

4. Plaintiff, Romero, is an adult, male resident of the United States who presently resides in Jacksonville, Duval County, Florida.

5. Plaintiff, Montilla, is an adult, female resident of the United States who presently resides in Jacksonville, Duval County, Florida.

6. Plaintiff, Ferreiro, is an adult, male resident of the United States who presently resides in Miami, Miami-Dade County, Florida.

7. Plaintiff, Pirela, is an adult, female resident of the United States who presently resides in Jacksonville, Duval County, Florida.

8. Plaintiff, Farias, is an adult, male resident of the United States who presently resides in Miami, Miami-Dade County, Florida

9. Defendant, JBI, a Florida Corporation, did at all times material, conduct substantial and continuous business in the Southern District of Florida. JBI's principal address is located at 4751 SW 26th Terrace, Fort Lauderdale, Florida 33312.

10. Defendant, Ingram owned, managed, and/or operated JBI and regularly exercised the authority to hire and fire employees, determine work schedule of employees, set the rate of pay for employees, and controls the finances and operations of JBI.

11. The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. §203(d) and s(1), in that they have employees

engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

12. Based upon information and belief, the annual gross sales volume of the Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

13. At all times material hereto, Pavon, is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

14. At all times material hereto, Chavez is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

15. At all times material hereto, Betancourt is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

16. At all times material hereto, the worked performed by Pavon was directly essential to the business performed by the Defendants.

17. At all times material hereto, the worked performed by Plaintiffs was directly essential to the business performed by the Defendants.

18. At all times material hereto, the worked performed by Betancourt was directly essential to the business performed by the Defendants.

19. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

20. At all times material, during Plaintiffs' employment with Defendants, the Defendants were engaged in interstate commerce of in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

21. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

22. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because Defendant's principle location is Fort Lauderdale, Florida.

## FACTUAL ALLEGATIONS

23. On or about January 1, 2020, Plaintiff, Monteagudo, began working for Defendants as an installation assistant. On or about July 31, 2020, Monteagudo no longer worked for Defendants.

24. On or about June of 2019, Plaintiff, Toledo, began working for Defendants as a mechanical installer. On or about October 4, 2020, Toledo no longer worked for Defendants.

25. On or about November 18, 2019, Plaintiff, Romero, began working for Defendants as an installer. On or about October 4, 2020, Romero, no longer worked for Defendants.

26. On or about July 13, 2020, Plaintiff, Montilla, began working for Defendants as an installer. On or about October 4, 2020, Montilla, no longer worked for Defendants.

27. On or about November of 2018, Plaintiff, Ferreiro, began working for Defendants as a laborer. On or about July 31, 2020, Ferreiro no longer worked for Defendants.

28. On or about November 18, 2019, Plaintiff, Pirela, began working for Defendants as an installer. On or about October 4, 2020, Pirela, no longer worked for Defendants.

29. On or about December of 2018, Plaintiff, Farias, began working for Defendants as an installer. On or about October 4, 2020, Farias, no longer worked for Defendants.

30. Plaintiffs regularly worked in excess of forty (40) hours per week but were not paid at the rate of time-and-one half their regular hourly rate.

31. Although the Defendants were able to keep track of hours worked by Plaintiffs, the Defendants failed to pay Plaintiffs at an overtime rate when working in excess of forty (40) hours a week.

32. Between January 1, 2020 and July 31, 2020, Monteagudo worked approximately six hundred fifty (650) overtime hours for which he was not paid at time and a half.

33. Between June of 2019 and October 4, 2020, Toledo worked approximately seven hundred forty-four (744) overtime hours for which he was not paid at time and a half.

34. Between November 18, 2019 and October 4, 2020, Romero worked approximately five hundred sixty-four (564) overtime hours for which he was not paid at time and a half.

35. Between July 13, 2020 and October 4, 2020, Montilla worked approximately one hundred eighty (180) overtime hours for which she was not paid at time and a half.

36. Between November of 2018 and July 31, 2020, Ferreiro worked approximately five hundred seventy (570) overtime hours for which he was not paid at time and a half.

37. Between November 18, 2019 and October 4, 2020, Pirela worked approximately three hundred eighty-four (384) overtime hours for which she was not paid at time and a half.

38. Between December of 2018 and October 4, 2020, Farias worked approximately one thousand three hundred seventy-six (1,376) overtime hours for which he was not paid at time and a half.

39. Plaintiffs should have been paid an hourly, non-exempt rate during the entire course of their employment with the Defendants.

40. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

41. Additionally, Plaintiffs were not paid wages for their worked performed between September 14, 2020 and October 4, 2020.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA 29 U.S.C. §207

42. Plaintiffs allege and incorporate by reference paragraphs 1-41 of this Complaint and fully restate and re-allege all facts and claims herein.

43. Plaintiffs were entitled to be paid at the rate of time and one-half for the hours worked in excess of forty (40) hours per week.

44. The Defendants' conduct in failing to pay Plaintiffs an overtime premium for all hours worked in excess of forty (40) violates the FLSA.

45. The Defendants have willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by failing to pay Plaintiffs overtime compensation for all hours worked over forty (40) hours per week, pursuant to 29 U.S.C. §207.

46. The widespread nature of Defendants' failure to pay overtime under the FLSA is demonstrative of their willful plan and scheme to avoid paying an overtime premium to Plaintiffs.

47. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

48. Defendants have not made a good faith effort to comply with the overtime compensation requirements of the FLSA with respect to Plaintiffs.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

50. Plaintiffs entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs, demand judgment against Defendans, jointly and severally, as follows:

a. Declaring that Defendants violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiffs overtime compensation in the amount calculated;

c. Awarding Plaintiffs liquidated damages in the amount calculated;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiffs post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just.

## COUNT II
### Violation of Florida Statute 448.110 (Below Minimum Wage)

51. Plaintiffs allege and incorporate by reference paragraphs 1-41 of this Complaint and fully restate and re-allege all facts and claims herein.

52. Plaintiffs were not paid minimum wages for hours worked from September 14, 2020 through October 4, 2020.

53. Plaintiffs were not paid at all for hours worked from September 14, 2020 through October 4, 2020.

54. Plaintiffs are entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

55. By reason of the intentional, willful and unlawful acts of the Defendants in violation of the Florida Minimum Wage Act and FLSA, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs, demand judgment against the Defendants, jointly and severally, as follows:

    a) Award to Plaintiffs for payment of all hours worked up to forty hours per week at the full minimum wage;

    b) Award to Plaintiffs liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed under the FLSA;

    c) Award to Plaintiffs reasonable attorneys' fees and costs; and

    d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**

*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida  33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: _____
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com